**ABBOTT et al. v. SHEPHERD et al.**

**Civ. A. No. 3544.**

District Court of the United States for the District of Columbia.

Jan. 6, 1941.

Clarence H. Porter and Roberts, Cushman & Woodberry, all of Boston, Mass., for plaintiffs.

Leslie C. Garnett and Samuel F. Beach, both of Washington, D. C., for defendant Thos. Lewis Shepherd.

Ward, Crosby & Neal, Page S. Haselton, and Jeffery, Kimball & Eggleston, all of New York City, for defendant Clark Thread Co.

BAILEY, Justice.

Pursuant to Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the Court hereby finds the facts specially, states separately its conclusions of law thereon, and directs the entry of the appropriate judgment, as follows:

Findings of Fact.

1. This is an action under R.S., Sec. 4915, 35 U.S.C.A. § 63, brought by the losing parties to a Patent Office interference proceeding, seeking a decree adjudging the individual plaintiff to be the inventor of the subject matter of the said interference and the corporate plaintiff, his assignee, to be entitled to receive a patent for such subject matter.

2. The plaintiff Edward J. Abbott is a citizen of the United States and a resident of Wilton, New Hampshire; and the plaintiff Abbott Machine Company is a corporation organized and existing under the laws of the State of New Hampshire.

3. The defendant Thomas Lewis Shepherd, originally the sole defendant, is a resident and subject of England.

4. Subsequent to the filing of the complaint, the Clark Thread Company, a corporation of New Jersey, purchased all the interest of Thomas Lewis Shepherd in the invention in suit; and by an order of this Court, dated December 11, 1940, entered upon stipulation, the said corporation was duly made a party defendant to be bound by and to have the benefit of all actions and proceedings previously and subsequently taken herein.

5. On September 22, 1934, the plaintiff Edward J. Abbott filed, in the Patent Office, an application, Serial No. 745,105, for improvements in a Process of Making Fabric, assigning the said application to its present owner, the plaintiff Abbott Machine Company.

6. On or about November 27, 1935, the Commissioner of Patents declared an interference between the said Abbott application, an application of the defendant Thomas Lewis Shepherd, Serial No. 15,430, and an application of another individual who did not continue in the contest.

7. The said Shepherd application, Serial No. 15,430, was filed April 8, 1935 as a division of an earlier Shepherd application, Serial No. 724,814, filed May 9, 1934; the latter application being based upon and claiming the priority of a still earlier Shepherd British application filed March 19, 1934.

8. The subject matter of the interference as embodied in the several counts is as follows:

"Count 1. Process of making fabric including elastic rubber or rubber-composition yarn, comprising stretching the elastic yarn, applying size thereto to restrain it against contraction from this stretched condition, manufacturing the fabric, and removing the size from the elastic yarn of the fabric.

"Count 2. Process of making fabric including elastic rubber or rubber-composition yarn, comprising as a preliminary operation, applying size to the yarn to render the yarn approximately inelastic during manufacture of the fabric, manufacturing the fabric, and removing the size from the thus treated yarn thereof.

"Count 3. An inherently elastic thread comprising a body of rubber or rubber composition having a soluble size deposited thereupon to hold said body in a stretched and substantially inelastic condition so that it may be woven or knitted without elongating or contracting from this condition to an appreciably greater degree than inelastic yarn.

"Count 4. An inherently elastic yarn comprising a body of rubber or rubber composition provided with a fibrous cover thereupon and having a soluble size deposited upon said cover and adapted to hold the yarn in a stretched but substantially inelastic condition so that the yarn may be woven or knitted without elongating or contracting from this condition to an appreciably greater degree than inelastic yarn.

"Count 5. Process of making fabric including elastic yarn having an elastic core and a fibrous cover wound thereupon, comprising as a preliminary operation applying size to the fibrous cover of the elastic yarn to render the yarn approximately inelastic during manufacture of the fabric, manufacturing the fabric, and removing the size from the elastic yarn of the fabric."

9. On or about November 18, 1937, the Acting Examiner of Interferences rendered a decision awarding priority of invention to the plaintiff Edward J. Abbott.

10. On or about March 30, 1939, on the appeal of the defendant Thomas Lewis Shepherd, the Board of Appeals reversed the decision of the Acting Examiner of Interferences and awarded priority of invention to the defendant Thomas Lewis Shepherd.

11. On December 12, 1939, in conformity with the decision of the Board of Appeals, patent No. 2,182,996 was duly issued to the defendant Thomas Lewis Shepherd on his said application, Serial No. 15,430, of which patent claims 5 to 9, inclusive, comprise the interference counts above set forth.

12. Both of the Patent Office tribunals held and this Court finds the defendant Thomas Lewis Shepherd to be entitled to a date of conception and constructive reduction to practice of the invention in issue as of March 19, 1934, this being the date of filing of Shepherd's British application which, like his later filed United States applications and his said patent, embodies adequate disclosures of the invention in issue.

13. Upon the evidence adduced on behalf of Abbott in the Patent Office interference, the Board of Appeals found that none of the plaintiffs' activities could be accepted as constituting a reduction to

practice of the invention prior to Shepherd's date of March 19, 1934; also, that Abbott had failed to prove diligence in reducing the invention to practice, especially throughout the period from March 21, 1934 until May 29, 1934.

14. The evidence presented before this Court consists of the Patent Office Record with certain additional matter. So far as physical evidence is concerned, the sole addition to the Patent Office Record is an exhibit comprising some samples of sized rubber yarn said to have been newly discovered. The plaintiff Abbott and his assistant Burke, both of whom had testified in the Patent Office proceeding, gave further oral testimony before the Court and were cross-examined at length. One new witness (Burke's wife) testified by deposition in support of some of the early work claimed to have been done by Burke on Abbott's behalf, and an attorney testified that he made a novelty search for Abbott (long after Shepherd's date).

15. Abbott had not reduced the invention to practice prior to Shepherd's date of March 19, 1934. He never made the fabric nor a sufficient amount of sized yarn to weave in fabric, nor tested it in weaving or knitting, although the facilities for doing all these things were readily available to him.

16. The plaintiffs' evidence fails to establish diligence, regardless of the purpose of the alleged activities. This is especially true of the period between March 21, 1934 and May 29, 1934, to which the new evidence was in part directed.

17. The testimony that many experiments were made for determining a satisfactory formula for the size was not convincing either as to the time when made or the need for them.

### Conclusions of Law.

1. The Court has jurisdiction of the parties and of the cause of action.

2. The Shepherd U. S. application, Serial No. 15,340, filed April 8, 1935, which resulted in patent No. 2,182,996, was duly filed as a copending division of Shepherd's U.S. application, Serial No. 724,814, filed May 9, 1934, and under the provisions of the International Convention and the Revised Statutes, Section 4887, 35 U.S.C.A. § 32, said application, Serial No. 15,340, was entitled to the effective date of March 19, 1934, as based on the Shepherd British application of the latter date.

3. The plaintiffs have failed to prove that Abbott was the prior inventor of the subject matter of any of claims 5 to 9 of the Shepherd patent No. 2,182,996 and that Abbott or his assignee is entitled to a patent for that subject matter.

4. The plaintiffs have failed to sustain the burden of proving by evidence which in character and amount carries thorough conviction, that the Board of Appeals erred in holding Shepherd to be the prior inventor and entitled to a patent for the invention in issue.

5. A final decree should be entered dismissing the complaint for want of equity, with costs to the defendants to be taxed.

### Opinion.

So far as any question of reduction to practice of the invention involved in this case is concerned, I am satisfied that Abbott had not reduced it to practice before March 19, 1934. He had never made the fabric nor a sufficient amount of sized yarn to weave a fabric, nor tested it in weaving or knitting.

The evidence of plaintiff as to diligence is largely based upon memory.; the documentary evidence consisting in part of memoranda and letters which are connected by oral testimony with the facts in issue. When it is borne in mind that the plaintiff Abbott had had experience in obtaining patents and his employee Burke was a research chemist, it is difficult to understand why more accurate entries were not made showing the progress of the work. I am not satisfied that plaintiffs have maintained the burden of proof either of reduction to practice or of diligence. As to the latter this is especially true of the period between March 21, 1934 and May 29, 1934. I think, too, that suspicion always attaches to testimony introducing memoranda which it is claimed were not discovered until after a former hearing.

I think that the plaintiffs have failed to sustain the allegations of the complaint, and that it should be dismissed with costs.